UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY McGLONE | CIVIL ACTION NO. |
| v. | 12-6585 |
| PHILADELPHIA POLICE OFFICER JOHN CRICHTON, Badge #2020 *and* PHILADELPHIA POLICE OFFICER ROBERT GRANT, Badge #3196 *and* PHILADELPHIA POLICE SERGEANT ANTHONY BURTON, Badge #506 and PHILADELPHIA POLICE OFFICER MICHAEL WASHINGTON, Badge #1334 *and* PHILADELPHIA POLICE ROBERT HABERLE Badge# *and* PHILADELPHIA POLICE OFFICER DIANE GONZALEZ and CITY OF PHILADELPHIA | Jury Trial Demanded |

### *AMENDED* CIVIL ACTION COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and under the common law of the Commonwealth of Pennsylvania.

2. This Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff further invokes supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### PARTIES

3. Plaintiff is **TIMOTHY MCGLONE,** an adult individual residing at 5761 Prescott Street Bensalem, Pennsylvania 19020.

4. Defendant is **PHILADELPHIA POLICE OFFICER JOHN CRICHTON, Badge #2020,** an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was acting among the officers who arrested the plaintiff, TIMOTHY McGLONE, on November 27, 2010.

5. Defendant is **PHILADELPHIA POLICE OFFICER ROBERT GRANT, Badge #3196,** an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was acting among the officers who arrested the plaintiff, TIMOTHY McGLONE, on November 27, 2010.

6. Defendant is **PHILADELPHIA POLICE SERGEANT ANTHONY BURTON, Badge # 506,** an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was acting among the officers who arrested the plaintiff, TIMOTHY McGLONE, on November 27, 2010.

7. Defendant is **PHILADELPHIA POLICE OFFICER MICHAEL WASHINGTON Badge #1334,** at all times relevant to this complaint, was and/or is a police officer with the City of Philadelphia, acting under color of state law, pursuant to either official policy, custom, or practice of the Philadelphia Police Department and/or City of Philadelphia, and who was acting among the officers who arrested the plaintiff, TIMOTHY McGLONE, on November 27, 2010.

8. Defendant is **PHILADELPHIA POLICE OFFICER ROBERT HABERLE, Badge #1823** an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was among the officers who participated in the assault of the plaintiff, TIMOTHY McGLONE, on November 27, 2010.

9. Defendant is also **PHILADELPHIA POLICE OFFICER DIANE GONZALEZ, Badge # 3823,** an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was among the officers who participated in the assault of the plaintiff, TIMOTHY McGLONE, on November 27, 2010.

10. Defendant is also the **CITY OF PHILADELPHIA,** a city of the first class located in the County of Philadelphia, organized and operating pursuant to state and local laws, in its capacity as the employer and policymaker of the defendant Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

**FACTS**

11. At all times material hereto, defendants, Philadelphia Police Officer John Crichton, Badge #2020, Philadelphia Police Officer Robert Grant, Badge# 3196 Philadelphia Police Sergeant Anthony Burton, Badge # 506, Philadelphia Police Officer Michael Washington Badge #1334, Philadelphia Police Officer Robert Haeberle, and Philadelphia Police Officer Diane Gonzalez, Badge # 3823, were police officers of the City of Philadelphia and were acting in their capacities as agents, servants, workmen and employees of these entities under their direction and control and were acting pursuant to either official policy or the custom, practice and usage of the City of Philadelphia Police Department.

12. Defendant, City of Philadelphia, in this cause, acted through its agents, employees and servants who was or were the policymakers for the City of Philadelphia and for its employees including defendants, Philadelphia Police Officer John Crichton, Badge #2020, Philadelphia Police Officer Robert Grant, Badge # 3196 Philadelphia Police Officer Sergeant Anthony Burton, Badge # 506, Philadelphia Police Michael Washington Badge #1334, Philadelphia Police Officer Robert Haeberle, Philadelphia Police Officer Diane Gonzalez, Badge # 3823, involved in the beating of the plaintiff, TIMOTHY McGLONE, on or about November 27, 2010 as described more fully hereafter.

13. On November 27, 2010 sometime after 10:00 p.m., Philadelphia arrived at the Plaintiff's residence then located at 672 Franklin Place in Philadelphia in response to an apparent report of an argument occurring within the Plaintiff's apartment.

14. In response to a call to the police on November 27, 2010, the officers identified in the preceding paragraphs arrived at the plaintiff's residence located at 672 Franklin Place Philadelphia PA.

15. Upon the defendant Officers arrival at the plaintiff's residence, one of the concerned officers texted Plaintiff's wife, Jennifer directing her to open the door to the apartment or they were going to "take the door in two seconds".

16. At this point in time Plaintiff began to put his dog away in a bedroom to avoid any contact with the dog and others and at this point his wife Jennifer opened the door to the apartment.

17. At this point in time the Defendant officers identified in the preceding paragraphs entered into the Plaintiff's apartment with guns and tazers drawn and proceeded to threaten the life of the Plaintiff and his dog; Plaintiff was thereafter permitted to place the dog into a bedroom.

18. At this point, one of the defendant police officers screamed at the plaintiff to lay down and, after complying with the directions given, the plaintiff was picked up by his shirt at his neck by officers including Defendant John Crichton and Police Officer Robert Grant and then slammed to the ground and told not to move.

19. As this occurred, handcuffs were then placed on the plaintiff and one of the Defendant officers positioned to the right of Plaintiff's body who was or may have been Defendant Grant, kicked him on the right side rib area while a gun was held to his head by another officer.

20. While Plaintiff laid prone on the ground motionless the Defendant officers repeatedly called a "wife beater" and he was told that "there was a place for people like you" and that he would be shot or tazered if he moved.

21. Other officers on scene including Defendant Gonzalez moved Plaintiff's wife into the hallway and learned that no physical violence had occurred between Plaintiff and his wife.

22. At some point thereafter, the plaintiff, who was still in handcuffs and on the ground was kicked in the left side rib area and then kicked in the head by a police officer identified in the preceding paragraphs and who is believed to be John Crichton.

23. Other officers on the scene who did not directly participate in kicking plaintiff or slamming him to the ground stood idle and watched as Grant and Crichton assaulted and battered the Plaintiff despite their sworn duty to uphold the law.

24. After the aforesaid police officers left Plaintiff's home a police supervisor believed to be Sgt Anthony Burton returned the Plaintiff's residence in response to a request placed by Plaintiff for a supervisor to take a report of the serious misconduct described above.

25. Upon his arrival to the Plaintiff's residence and upon encountering Plaintiff a police sergeant believed to be Defendant Burton, Burton upon hearing Plaintiff's complaints of being beaten proceeded to call Plaintiff a wife beater and called Plaintiff "white trash" and told Plaintiff to "go fuck himself."

26. Following the assault upon the plaintiff as aforesaid, Plaintiff went to the emergency room at Thomas Jefferson Hospital for treatment of the injuries he sustained as a result of the beatings which included but are not limited to a closed head injury, bruises about his head and chest, headache and right hand injury.

27. Up to and during the detention of the plaintiff, plaintiff was subjected to the use of unnecessary and unreasonable force and deprived of his liberty in violations of the civil rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, the application of which force was a factual cause of the injury to his person.

28. The foregoing actions of the defendant police officers involved in the assault and beating of the plaintiff, constituted a violation of the plaintiff's constitutional right to be free from the use of excessive force and a violation of his right to be free from summary punishment.

29. As a result of the assault and battery inflicted upon him by the defendant police officers, the plaintiff suffered pain and suffering and endured humiliation and embarrassment and as a direct and proximate result of the said acts, the plaintiff suffered injuries and damages including but not limited to the following:

> a) violation of his constitutional rights to be free from an unreasonable seizure under the Fourth Amendment and to be free from a deprivation of liberty under the Fourteenth Amendment;
>
> b) violation of his constitutional right to be free from the use of excessive force;
>
> c) violation of his right to be free from summary punishment;
>
> d) loss of physical liberty;
>
> e) physical pain and suffering;
>
> f) emotional upset and trauma;
>
> g) expenses incurred in the medical treatment of his condition;
>
> h) humiliation and embarrassment; and
>
> i) injury to his reputation.

All entitling him to compensatory and punitive damages and counsel fees upon the causes of action as set forth below

## COUNT I

### 42 U.S.C.§ 1983 AGAINST DEFENDANT POLICE OFFICERS

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth at length.

31. Plaintiff claims damages for the actions of Philadelphia Police Officers John Crichton, Badge #2020, Philadelphia Police Officer Robert Grant, Badge# 3196 Philadelphia Police Officer Sergeant Anthony Burton, Badge# 506, Philadelphia Police Michael Washington, Badge #1334, Philadelphia Police Officer Robert Haeberle, Badge# 1823, Philadelphia Police

Officer Diane Gonzalez, Badge# 3823, individually and in their official capacities which actions deprived plaintiff of his rights privileges and immunities under the laws and Constitution of the United States, including plaintiff's right to be free from unreasonable and excessive force, to be free from summary punishment, to be secure in his person and property and to due process of law which violations caused injuries and damages to Plaintiff as set forth in paragraphs 26 to 29 which are here incorporated by reference.

## COUNT II

### FEDERAL CIVIL RIGHTS VIOLATIONS, 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA

32. Paragraphs 1 through 34 are incorporated here by reference as though fully set forth at length.

33. As a direct and proximate result of the defendant police officers' conduct committed under color of state law, defendants deprived plaintiff, Timothy McGlone, of his rights privileges and immunities under the laws and Constitution of the United States, plaintiff's rights to be free from unreasonable and excessive force, unreasonable searches and seizures and false imprisonment to be secure in his person and property and to due process of law. As a result, plaintiff suffered harm in violation of his rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

34. As a direct and proximate result of the acts of all defendants, plaintiff sustained physical injuries.

35. It was the policy and/or custom of the defendant, City of Philadelphia and City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers including most especially defendant City of Philadelphia Police officers, including but not limited to Philadelphia Police Officer John Crichton, Badge #2020, Philadelphia Police Officer Robert Grant, Badge# 3196 Philadelphia

Police Officer Sergeant Anthony Burton, Badge # 506, Philadelphia Police Michael Washington Badge #1334, Philadelphia Police Officer Robert Haeberle, Badge #1823, Philadelphia Police Officer Diane Gonzalez, Badge # 3823, who defendant knew had committed similar acts of physical violence upon individuals while acting under the authority of its office and under color of state law.

36. The City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

> a. The abuse of police powers, including but not limited to excessive force, unlawful detention, and improper searches and seizures;
>
> b. The failure of police officers to follow established policies and procedures regarding probable cause for arrest or detention;
>
> c. Proper procedures, in the manner in which detainees are treated so that they are not subject to physical abuse at the hands of police so that: i) employees of Defendant City of Philadelphia, including the defendant officers in this case, can be properly trained, supervised and disciplined for conduct related to the performance of their duties; ii) Defendant City of Philadelphia can properly monitor the conduct and performance of their employees to assure compliance with the laws and Constitutions of the United States and the Commonwealth of Pennsylvania; and iii) citizens such as the plaintiff can determine the identities of those employees who subject them to constitutional violations under such circumstances as presented herein and thereby seek vindication of their constitutional and statutory rights; and
>
> d. The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein.

37. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendant, John Crichton and other of the defendant police officers herein to violate the rights of citizens such as plaintiff's.

38. By these actions, all defendants, acting in concert and conspiracy, have deprived plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

39. It was the policy or custom of the defendant, City of Philadelphia, to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its officers/detectives.

40. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant police officers herein to violate the rights of citizens such as the plaintiff.

41. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia, including but not limited to the defendant police officers herein, believed their actions would not be properly monitored by supervisory officers, including Sergeant Anthony Burton and that their misconduct would not be investigated or sanctioned but would be tolerated.

42. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia to the constitutional rights of persons within the City of Philadelphia and were the cause of the violations of plaintiff's rights as described herein.

## COUNT III

### SUPPLEMENTAL STATE CLAIMS - ASSAULT AND BATTERY

43. Plaintiff incorporates by reference paragraphs 1 through 42 of his complaint.

44. The acts and conduct of the defendant police officers, Philadelphia Police Officer John Crichton, Badge #2020, Philadelphia Police Officer Robert Grant, Badge # 3196

Philadelphia Police Officer Sergeant Anthony Burton, Badge # 506, Philadelphia Police Michael Washington Badge #1334, Philadelphia Police Officer Robert Haeberle, Badge #1823, Philadelphia Police Officer Diane Gonzalez, Badge # 3823, in this cause of action constitutes assault, battery under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## COUNT IV

### SUPPLEMENTAL STATE CLAIM - FALSE IMPRISONMENT AGAINST DEFENDANT POLICE OFFICERS

45. Plaintiff incorporates by reference paragraphs 1 through 44 of his complaint.

46. The defendants, Philadelphia Police Officer John Crichton, Badge #2020, Philadelphia Police Officer Robert Grant, Badge # 3196 Philadelphia Police Officer Sergeant Anthony Burton, Badge # 506, Philadelphia Police Michael Washington Badge #1334, Philadelphia Police Officer Robert Haeberle, Badge #1823, Philadelphia Police Officer Diane Gonzalez, Badge # 3823, illegally detained and imprisoned the plaintiff, TIMOTHY McGlone, while subjecting him to an assault and battery within his home.

47. As a result of this illegal arrest and imprisonment, plaintiff, Timothy McGlone, suffered damages as aforesaid.

## COUNT V

### SUPPLEMENTAL STATE CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff incorporates by reference paragraphs 1 through 47 of his complaint.

49. The defendant, Philadelphia Police Sergeant, Anthony Burton in response to a call from Plaintiff after his beating for a police supervisor, came to Plaintiff's residence and proceeded to advise Plaintiff that the beating he received was warranted because he was a "wife beater" and he proceed to call Plaintiff among other things "white trash."

50. The remarks of Sergeant Burton who was supposed to be in a position of supervising other officers were extreme outrageous and were intended to cause Plaintiff to suffer ethnic intimidation and emotional upset and Burton's remarks did cause were designed to cause such effect.

51, The statements of Burton were so extreme and outrageous so as to warrant the imposition of punitive damages against Defendant Burton.

WHEREFORE, the plaintiff requests that the Court:

    a) award compensatory damages to plaintiff against the defendants jointly and severally;

    b) award exemplary or punitive damages against the defendants

    c) award reasonable costs and attorney's fees to the plaintiff; *and*

    d) award such other relief as the Court may deem appropriate.

JAFFE & HOUGH

By: _____

TIMOTHY R. HOUGH, ESQ.
/X.tte!'Re'f-fcr(pl aintiff
I.D. # 40898
JAFFE & HOUGH
1907 Two Penn Center Plaza
15th Street & JFK Blvd.
Philadelphia, PA 19102
(215) 564-5200